BERIAH M. JONES *v.* W. D. HOPPER, ASSIGNEE.

**Judicial Sale—Confirmation—Re-sale—Final Judgment.**

The sale under Alford's judgment to enforce his lien was an unconditional and absolute sale of land not incumbered, after the legal title passed to Mayfield, and consequently not embraced in the provisions of Section 1, Article 15, Chapter 36, 1 R. S. 488, and that sale having been confirmed and a conveyance made to Jones for the land, his title to it was thereby perfected. This suit having been dismissed as to that portion of the land at a previous term of the court, that judgment being final, the court at a subsequent term had no power over it.

### APPEAL FROM GARRARD CIRCUIT COURT.

January 17, 1871.

OPINION BY JUDGE PETERS:

Mayfield purchased the land in controversy from G. H. Alford and took a conveyance therefor, Alford reserving a lien in his deed for the unpaid purchase money. After the conveyance the purchaser thereof at $300.
was made to Mayfield, executions against him were levied on the land and it was sold by the sheriff when appellant became

In January, 1868, Alford instituted suit against Mayfield to enforce his lien for his unpaid purchase money, recovered his judgment for a sale of so much of the land as should be required to pay him. The land was sold, and appellant purchased 195 acres at the sale, agreeing to pay the debt for that number of acres. This was subsequent to his purchase under the executions. The sale to Jones was confirmed, and a conveyance made to him by order of the court.

This suit was brought by Mayfield against Jones to be permitted to redeem the land by paying the money which Jones paid to Alford, and by refunding to him the $300 he paid for the land at the sheriff's sale with interest thereon at the rate of ten per centum per annum.

On the trial of the cause in August, 1869, the court below dismissed the petition as to the 195 acres purchased by appellant at the sale made under the judgment in the case of Alford against Mayfield, as aforesaid.

At the October term, 1870, the court rendered a second judgment for a sale of "the land in the petition mentioned, and that B. M. Jones, the former purchaser of the equity under the two former sales have a lien upon the proceeds of sale for the amount of his purchase and the money paid by him." By the terms of this judgment it is apparent that the 195 acres purchased by Jones under the judgment foreclosing Alford's lien for his purchase money are adjudged to be sold as well as the residue of the tract. To the judgment for the sale of that portion of the tract there are two insurmountable objections: (1) The sale under Alford's judgment to enforce his lien was an unconditional and

an absolute sale of land not encumbered after the legal title passed to Mayfied, and consequently not embraced in the provision of Sec. 1, Art. 15, Chap. 36, 1 R. S. 488, and that sale having been confirmed and a conveyance made to Jones for the land his title to it was thereby perfected. (2) This suit having been dismissed as to that portion of the land at a previous term of the court, that judgment being final, the court at a subsequent term had no power over it..

But as to the residue of the tract, Mayfield would have had the right to redeem it under Sec. 4, Art. 13, Chap. 36, p. 484, 1st Vol. R. S., by complying with the provisions of said section, but the allegation of the petition are insufficient to authorize the relief therein providede for.

Wherefore the judgment is *reversed* and the cause is remanded with directions to dismiss the petition.

*Bradley, for appellant:*

*McKee, for appellee.*